IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


CASSIE M. WHEELER,

        Plaintiff,

v.                                    Civil Action No. 5:08CV164
                                                          (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**


I.  Background

        The plaintiff, Cassie M. Wheeler, filed an application for
Supplemental Security Income ("SSI") under Title XVI of the Social
Security Act.  In the application, the plaintiff alleges disability
since January 1, 1988, due to "brittle bone condition."

        The Social Security Administration denied the plaintiff's
application initially and on reconsideration.  The plaintiff
requested a hearing, and a hearing was held on October 5, 2007,
before Administrative Law Judge ("ALJ") Donald McDougall.  The
plaintiff, represented by counsel, testified on her own behalf, as
did vocational expert ("VE") James Ganoe.  On December 14, 2007,
the ALJ issued a decision finding that the plaintiff was not
disabled because she could perform a range of light work.  The
Appeals Council denied the plaintiff's request for review on
September 19, 2008, rendering the ALJ's decision the final decision
of the Commissioner.  Thereafter, the plaintiff filed the present

action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff filed a motion for summary judgment. In that motion, as an alternate form of relief, the plaintiff requests this case be remanded to the Commissioner. The defendant also filed a motion for summary judgment to which the plaintiff responded. On November 6, 2009, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be denied, that the plaintiff's motion for summary judgment be granted, and that this action be remanded to the Commissioner.

Upon submitting his report and recommendation, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, a failure to

file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

In her motion for summary judgment, the plaintiff argues that: (a) the ALJ erred because he improperly rejected all medical opinions favorable to the plaintiff's claim without conducting the required analysis; (b) the ALJ erred because the residual functional capacity ("RFC") finding is not supported by substantial evidence; (c) the ALJ improperly considered the plaintiff's credibility; (d) the ALJ failed to address the plaintiff's mental impairment; and (e) new and material evidence submitted to the Appeals Council indicates that the plaintiff suffers significant side effects from her prescription medication that would seriously erode her RFC.

The Commissioner responds that the plaintiff's arguments are without merit, and that substantial evidence supports the Commissioner's decisions that plaintiff did not prove disability and that her allegations of debilitation symptoms were not entirely credible. Additionally, the Commissioner contends that the ALJ

properly weighed the medical opinion evidence in assessing the plaintiff's RFC.

An ALJ's findings will be upheld if supported by substantial evidence.  See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

Magistrate Judge Kaull recommended that this civil action be remanded for several reasons.  First, the magistrate judge concluded that the ALJ failed to designate which opinions by the state agency physicians and psychologist with which he agreed or to include any reason for his agreement therewith or rejection thereof.  Next, the magistrate judge determined that the ALJ erred by failing to identify the evidence or opinions on which he relied in formulating his RFC.  Also, the report and recommendation notes that the ALJ failed to consider the plaintiff's complaints of limitations as they are caused, or not caused, by her mental limitations.  Objective medical evidence existed that the plaintiff had some limitations in her mental functioning, a finding that the

ALJ did not thoroughly address.  In that the ALJ failed to analyze or consider findings by several physicians, the magistrate judge found that the ALJ's decision is not supported by substantial evidence.[1]

This Court has reviewed the record, as well as the parties' motions for summary judgment, and finds no clear error in the magistrate judge's report and recommendation.  Accordingly, for the reasons set forth in the report and recommendation, this Court concurs with the magistrate judge.  The magistrate judge's report and recommendation is thus affirmed and adopted, and this civil action is remanded.

## IV.  Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be DENIED; that the plaintiff's motion for summary judgment be GRANTED; and that this civil action be REMANDED to the Commissioner for further proceedings consistent with this opinion and the report and recommendation of the magistrate judge.  It is further ORDERED

---

[1]In his recommendation, Magistrate Judge Kaull did not address the plaintiff's claim that new evidence provides the basis for remand because he already found that this case should be remanded to the Commissioner for other reasons.  This finding is not clearly erroneous.

that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:     December 7, 2009


                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE